IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARQUIS RASHAD THOMPSON, #327332, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:21-CV-685-WHA-CSC |
| DONALD VALENZA, | ) ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Marquis Rashad Thompson filed this pro se 42 U.S.C. § 1983 action on or around October 12, 2021. *See* Doc. 1. Defendant has since filed a Special Report and Answer with supporting evidentiary materials denying Plaintiff's claims. Doc. 15. On March 15, 2022, the Court issued an Order directing Plaintiff to respond to Defendant's filings by April 5, 2022. Doc. 16. The Court specifically cautioned Plaintiff that, if he failed to file a response, the Court would treat that failure as an abandonment of the Complaint, and the undersigned Magistrate Judge would recommend dismissal of this case. *Id.* at 1. To date, Plaintiff has neither complied with nor otherwise responded to the Court's March 15 Order.

Additionally, on October 19, 2021, the Court issued another Order directing Plaintiff to immediately inform the Court of any change in his address. Doc. 4. In that Order, the Court again specifically cautioned Plaintiff that his failure to provide a correct address to the Court within ten (10) days after a change of address would result in dismissal

of this action. *Id.* at 4. The docket reflects that Plaintiff received a copy of that Order. Nevertheless, it appears that Plaintiff is no longer located at the last service address he provided to the Court.[1] Indeed, the Clerk attempted to mail Plaintiff a copy of the Court's March 15 Order, but on March 31, 2022, the postal service returned the document as undeliverable and with the following notation: "Return To Sender, Not Here . . . Not Deliverable As Addressed, Unable to Forward." Additionally, a search of the inmate database maintained by the Alabama Department of Corrections reflects that Plaintiff is no longer in custody.[2] Thus, Plaintiff has also failed to comply with the Court's Order regarding his change of address.

This case cannot proceed without knowing Plaintiff's whereabouts and without Plaintiff's participation in these proceedings. Thus, because of Plaintiff's failure to comply with Court orders and failure to prosecute this action, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

---

[1] The last service address on record for Plaintiff is Easterling Correctional Facility in Clio, Alabama.

[2] *See* http://doc.state.al.us/InmateSearch (last visited on April 29, 2022).

calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where the deadline for Plaintiff to respond to the Court's March 15 Order passed nearly a month ago and his whereabouts remain unknown, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **May 16, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of May, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE